# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 2:09 pm, Aug 13, 2020

```
CHARLES ALLEN FREEMAN, JR.

     Plaintiff,

     v.                                  No. 2:20-CV-0015

BAY EQUITY LLC; CENLAR FSB;
VENDOR RESOURCE MANAGEMENT,
INC. MANAGER FOR SECRETARY OF
VETERANS AFFAIRS; MCCALLA
RAYMER LEIBERT PIERCE, LLC;
DOES 1 THROUGH 5

     Defendant.
```

**ORDER**

Before the Court is Plaintiff Charles Freeman's Motion for Temporary Restraining Order ("TRO"), dkt. no. 2, Defendants Bay Equity LLC and Cenlar FSB's Motion to Dismiss, dkt. no. 15, and Defendants Vender Resource Management and McCalla Raymer Leibert Pierce, LLC's Motion to Dismiss, dkt. no. 12. On August 11, 2020, the Court held a hearing on the motions above. The Court **DENIES** Plaintiff's Motion for TRO, dkt. no. 2, **DENIES AS MOOT** Defendants' respective Motions to Dismiss, dkt. nos. 12, 15, and gives Plaintiff **LEAVE TO AMEND** his Complaint, dkt. no. 1, **within ten (10) days of the date of this Order**.

This case arises out of the foreclosure of Plaintiff's home, located at 127 Brookwater Drive, Brunswick, Georgia 31523. Dkt. No. 1 ¶ 1. In addition to asserting various claims against the respective Defendants, Plaintiff also sought a TRO "staying" eviction and post-sale State Court proceedings "pending final disputation" of the instant case. See Dkt. No. 2 ¶ 21. Defendants moved for dismissal and urge the Court to deny Plaintiff's Motion for TRO. Dkt Nos. 12, 13, 15, 17.

For the Court to grant the extraordinary relief of a TRO (and preliminary injunction), a movant must establish four essential elements: (1) a likelihood of success on the merits of the overall case; (2) irreparable injury; (3) the threatened injury outweighs the harm the (TRO or) preliminary injunction would cause the other litigants; and (4) the (TRO or) preliminary injunction would not be averse to the public interest. See Chavez v. Fla. SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014).

Here, the Court denied Plaintiff's request for a TRO and preliminary injunction, in part, because Plaintiff has not shown a likelihood of success on the merits. Indeed, the Court could not even reach the merits of Plaintiff's underlying claims because his Complaint is a shotgun pleading. Shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2) "by failing to one degree or another to give the defendants adequate notice of claims against them and the ground upon which each claim rests." Vibe Micro, Inc.

2

v. Shabanets, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (punctuation and citations omitted).

Plaintiff's Complaint is a quintessential shotgun pleading for two reasons that typically require dismissal when combined. First, it "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e. all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Second, Plaintiff names nine defendants (including Does 1 through 5) and charges all nine in every Count of the Complaint. Such a pleading precludes the Court from determining with any level of certainty which Defendants engaged in the conduct necessarily giving rise to this suit by "making no distinction among the [nine] defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).[1]

---

[1] To be clear, incorporating prior allegations by reference into each count is not fatal to this Complaint; however, defining the term "Defendants" as all named parties unless otherwise specified, see dkt. no. 1 ¶ 1, and then later using the defined term interchangeably with both singular and multiple defendants throughout the pleading, see, e.g., ¶¶ 121-33 (Fourth Claim for Relief: Conversion), does, indeed, deprive the Defendants of "adequate notice of the claims against them and the ground upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). Thus, dismissal would be warranted on shotgun pleading grounds.

Here, the Plaintiff is proceeding pro se. As such, Plaintiff will be given a chance to re-plead his claims by filing an amended complaint that resolves the issues outlined above, along with those outlined by the Court at the conclusion of the hearing. <u>Arrington v. Green</u>, 757 F. App'x 796, 797 (11th Cir. 2018) (citing <u>Vibe Micro, Inc.</u>, 878 F.3d at 1296). At the hearing on the motions, the Court specifically advised the Plaintiff that the original complaint violates proper pleading rules. The Court also advised the Plaintiff that Defendants, in their motions to dismiss, raised numerous other pleading deficiencies plaguing Plaintiff's original complaint. Plaintiff is again advised that unless all such issues are cured in an Amended Complaint, the case may be dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for a TRO, dkt. no. 2, is **DENIED.** Defendants' respective Motions to Dismiss, dkt. nos. 12, 15, are also **DENIED** at this time. Plaintiff shall have leave to **AMEND** the Complaint, dkt. no. 1, within **TEN (10) DAYS** from the date of this Order. Should Plaintiff fail to adequately amend the Complaint within ten (10) days of this **ORDER** his case may be dismissed with prejudice. Defendants may refile any defensive pleadings in response to any Amended Complaint within **TEN (10) DAYS** of the filing of any such Amended Complaint.

**SO ORDERED**, this 13th day of August, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA