FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:49 am, Dec 02, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHARLES ALLEN FREEMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> BAY EQUITY LLC, et al., <br><br> Defendants. | CIVIL ACTION NO.: 2:20-cv-15 |

**O R D E R**

This matter is before the Court on Defendants' Motion to Stay Discovery. Doc. 32. Plaintiff filed a Response to Defendants' Motion, opposing Defendants' request. Doc. 33. For the reasons discussed below, the Court **GRANTS** Defendants' Motion.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of New York Mellon, 676 F. App'x 926, 932 (11th Cir. 2017). Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties. Carapella v. State Farm Fla. Ins. Co., No. 8:18-CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997). For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368

("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter,141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." Id.

Defendants have met their burden in showing a stay is necessary.  Defendants assert their motions to dismiss will dispose of the entire case.  Doc. 32 at 2.  Defendants further claim the stay is necessary to preserve the parties' and the Court's resources.  Id. at 2, 3.  A "preliminary peek" at Defendants' motions to dismiss reveals the motions could dispose of the entire case. Sams, 2016 WL 3339764 at *6; Docs. 27, 28, 29.  While ruling on the motions to dismiss is a decision for the District Judge, it appears Defendants' motions have some merit and, if granted in their entirety, would dispose of all claims.  Docs. 27, 28, 29.

Plaintiff, in his Response to Defendants' Motion, does not demonstrate harm will occur by granting the stay. Though Plaintiff repeatedly states he needs discovery, the need is expressed largely in a conclusory fashion. See, e.g., Doc. 33 at 4 ("I just want proof that this bank as any right to have the foreclosure in the first place and to answer as to why it engaged in dual tracking!"). Further, the specific materials Plaintiff appears to seek in discovery—the security note or deed relating to the property—are not needed to resolve Defendants' motions to dismiss. Id. at 2–3. Taking a preliminary look at the Defendants' motions to dismiss, it does not appear Plaintiff requires discovery to defend against them, nor does Plaintiff explain how discovery is necessary to address Defendants' motions to dismiss. See, e.g., Doc. 28-1 (Defendant Vendor Resource Management, Inc.'s motion to dismiss, asserting failure to state a claim).

> The Eleventh Circuit Court of Appeals has recognized that:
>
> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true . . . . If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama, 123 F.3d at 1367–68 (footnotes omitted).

While there is no per se rule that discovery is stayed every time a motion to dismiss is filed, the principle expressed in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is pertinent to the case at hand. See id. at 1368. As explained above, a brief review of Defendants' motions to dismiss, docs. 27, 28, 29, reveals they

have raised meritorious challenges to the legal sufficiency of Plaintiff's Complaint. If the Court were to grant Defendants' motions to dismiss in their entirety, all claims asserted in this lawsuit would be dismissed. Because these motions to dismiss could potentially resolve the entire case and litigation costs could be avoided, the Court finds good cause to stay discovery.

For these reasons, the Court **GRANTS** Defendants' Motion to Stay Discovery. If this case remains pending after the final resolution of the motions to dismiss, this stay will lift automatically. The parties will then be required to fulfill their Rule 26(f) obligations.

**SO ORDERED**, this 2nd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA